UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Wesley Brooks,<br><br>           Plaintiff,<br><br>     v.<br><br>Destrukture Corp,<br><br>           Defendant. | Case No:<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Wesley Brooks ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Destrukture Corp ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff herein creates artistic illustrations and owns the rights to these illustrations which Plaintiff licenses for various uses including business logos and merchandise designs.

3. Plaintiff authored an illustration of a black cat with a partially opened mouth and visible skull (the "*Illustration*").

4. Defendant is the owner of an online apparel shop.

5. Defendant designs and manufactures apparel for commercial distribution.

6. Defendant distributes its merchandise throughout the entire United States.

7. Defendant owns and operates a website at domain vampirefreaks.com (the "*Website*").

8. Defendant operates a Facebook account named as "VampireFreaks" (the "*FB Account*").

9. Defendant operates an Instagram account named as "vampirefreaks" (the "*IG*

1

*Account*").

10. Defendant operates a Twitter account named as "@VampireFreaks" (the "*TW Account*").

11. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Illustration on the Website and their FB Account, IG Account, and TW Account (hereinafter collectively referred to as the "*Accounts*").

12. Defendant, without permission or authorization from Plaintiff, actively copied, reproduced, displayed, and thereafter distributed Plaintiff's Illustration on merchandise marketed and sold by Defendant on the Website.

13. Defendant engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

14. Plaintiff Wesley Brooks is an individual who is a citizen of the State of South Carolina and maintains a principal place of business in Greenville County, South Carolina.

15. Upon information and belief, Defendant Destrukture Corp, is a Pennsylvania Corporation with a principal place of business at 564 Main Street, Stroudsburg in Monroe County, Pennsylvania.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

17. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Pennsylvania.

18. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

A.  **Plaintiff's Copyright Ownership**

19. Plaintiff is the legal and rightful owner of illustrations which Plaintiff commercially licenses.

20. Plaintiff has invested significant time and money in building Plaintiff's portfolio.

21. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's illustrations while many others are the subject of pending copyright applications.

22. Plaintiff's illustrations are original, creative works in which Plaintiff owns protectable copyright interests.

23. On October 3, 2019, Plaintiff authored the Illustration. A copy of the Illustration is attached hereto as Exhibit 1.

24. In creating the Illustration, Plaintiff personally spent considerable time to plan, design, draw, and revise the image.

25. On February 18, 2022, the Illustration was registered by USCO under Registration No. VA 2-292-055.

26. Plaintiff created the Illustration with the intention of it being used commercially and for the purpose of display and/or public distribution.

B.  **Defendant's Infringing Activity**

27. Defendant is a large-scale manufacturer of apparel which it distributes via online sales.

28. Defendant is the registered owner of the Website and is responsible for its content.

29. Defendant is the operator of the Website and is responsible for its content.

30. Defendant is the operator of the Accounts and is responsible for their content.

31. The Accounts are part of and used to advance Defendant's commercial enterprise.

32. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

33. The Website is monetized in that it sells merchandise to the public and, upon information and belief, Defendant profits from these activities.

34. The Accounts are monetized in that some or all generate advertising revenue.

35. The Accounts are monetized in that they redirect traffic to the Website for sale of Defendant's apparel.

36. On or about December 23, 2022, Plaintiff observed the Illustration on the Website.

37. The Illustration was displayed on the Website on merchandise for sale at URL: https://vampirefreaks.com/products/purranormal-kitty-titties-tee-scoop-neck-or-racerback. Copies of the screengrabs of the Website including the Illustration are attached hereto as Exhibit 2: #1 - #12.

38. The Illustration was stored at URLs:

- https://cdn.shopify.com/s/files/1/2637/0296/products/kityt_720x.jpg?v=1687532591;
- https://cdn.shopify.com/s/files/1/2637/0296/products/womens_scoop_neck_front_resize_76b5d91d-cf96-449c-85f2-68583b06cb35_720x.jpg?v=1687532592;
- https://cdn.shopify.com/s/files/1/2637/0296/products/racerback_tank_black_front_1e0c5e29-aed9-4897-ba04-388dbb8d3087_720x.jpg?v=1687532592;
- https://cdn.shopify.com/s/files/1/2637/0296/products/kitty_fa06a0ed-93c1-49e1-866d-923196a6b0b9_720x.jpg?v=1687532591;
- https://vampirefreaks.com/cdn/shop/files/horror-cat-t-shirt_900x.jpg?v=1685383994;
- https://vampirefreaks.com/cdn/shop/files/skull-cat-t-shirt_900x.jpg?v=1685383994;
- https://vampirefreaks.com/cdn/shop/files/occult-tank-top_900x.jpg?v=1687532592;
- https://vampirefreaks.com/cdn/shop/files/vampire-fashion_ff8249f6-27cc-4368-af51-582b03257e2d_900x.jpg?v=1687532591.

39. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Illustration on the Website.

40. On July 6, 2023, Plaintiff also observed a different listing for "Kitty Titties Crop

Top" on the Website which utilized the Illustration at URL: https://vampirefreaks.com/products/kitty-titties-crop-top?pr_prod_strat=use_description&pr_rec_id=51e019127&pr_rec_pid=7225863995428&pr_ref_pid=6642779553828&pr_seq=uniform. Copies of the screengrabs of the Website including the Illustration is attached hereto as Exhibit 2: #13 - #22.

41. The Illustration was stored at URLs:

- https://vampirefreaks.com/cdn/shop/files/gothic-crop-tops_dadf0718-1e6d-444c-a1fe-5a716404bc75_900x.jpg?v=1687790993;
- https://vampirefreaks.com/cdn/shop/products/gothic-heavy-metal-clothes_900x.jpg?v=1687790993;
- https://vampirefreaks.com/cdn/shop/files/emo-crop-top-for-women_900x.jpg?v=1687790993;
- https://vampirefreaks.com/cdn/shop/products/kittyCropTop_900x.jpg?v=1687790993;
- https://vampirefreaks.com/cdn/shop/files/womens-goth-snake-leggings_0570ebf0-d8aa-422d-a7bd-d10f9d5a680c_900x.jpg?v=1687790993;
- https://vampirefreaks.com/cdn/shop/products/occult-clothing-store_900x.jpg?v=1687790993;
- https://vampirefreaks.com/cdn/shop/products/emo-bunny-rabbit_900x.jpg?v=1687790993;
- https://cdn.shopify.com/videos/c/vp/02b30ac12b6648609c96dbc63fbd1d3e/02b30ac12b6648609c96dbc63fbd1d3e.HD-720p-1.6Mbps-15813487.mp4;
- https://cdn.shopify.com/videos/c/vp/81dfb19eb7bf4e13a9c2a7912a1229ab/81dfb19eb7bf4e13a9c2a7912a1229ab.HD-1080p-7.2Mbps-15691522.mp4; and
- https://cdn.shopify.com/videos/c/vp/d98e5d53a24b4c368c481c242d490434/d98e5d53a24b4c368c481c242d490434.HD-1080p-7.2Mbps-14446674.mp4.

42. On or about July 3, 2023, Defendant displayed the Illustration on the FB Account as a post promoting the sale of clothing imprinted with the Illustration at URL: https://www.facebook.com/photo/?fbid=596854562533630&set=pb.100066272750191.-2207520000. A copy of a screengrab of the FB Account including the Illustration is attached hereto as Exhibit 2: #23.

5

43.     Defendant also posted a Facebook "Reel" to its FB Account which displayed the Illustration on its merchandise at URL: https://www.facebook.com/reel/169427919349592. A true and correct copy of the screengrab of the FB Account including the Illustration is attached hereto as Exhibit 2: #24.

44.     On or about July 3, 2023, Defendant further displayed the Illustration on the IG Account as a post promoting the sale of clothing imprinted with the Illustration at URLs: https://www.instagram.com/p/CuP3JqaPTPh/ and https://www.instagram.com/p/CuLQhSQPLqE/. True and correct copies of a screengrabs of the IG Account including the Illustration is attached hereto as Exhibit 2: #25-26.

45.     On or about July 3, 2023, Defendant further displayed the Illustration on the TW Account as a post promoting the sale of clothing imprinted with the Illustration at URL: https://twitter.com/VampireFreaks/status/1676038868431253504. A true and correct copy of a screengrab of the TW Account including the Illustration is attached hereto as Exhibit 2: #27.

46.     Plaintiff first observed and actually discovered the Infringements on the Accounts on July 5, 2023.

47.     Defendant further displayed the Illustration on the Website on additional merchandise for sale at the following URLs:

- https://vampirefreaks.com/products/purranormal-spirit-board-messenger-bag?_pos=3&_sid=f98ca4282&_ss=r
- https://vampirefreaks.com/products/purranomal-spirit-board-hoodie?_pos=2&_sid=832ac4d06&_ss=r
- https://vampirefreaks.com/products/purranormal-spirit-board-tee?_pos=3&_sid=832ac4d06&_ss=r
- https://vampirefreaks.com/products/purranormal-spirit-board-tote-bag?_pos=4&_sid=832ac4d06&_ss=r
- https://vampirefreaks.com/products/purranormal-activity-spirit-board-enamel-pin?_pos=5&_sid=832ac4d06&_ss=r
- https://vampirefreaks.com/products/purranormal-spirit-board-sweatshirt?_pos=6&_sid=832ac4d06&_ss=r
- https://vampirefreaks.com/products/purranormal-spiritboard-mouse-

6

    pad?_pos=7&_sid=832ac4d06&_ss=r

- https://vampirefreaks.com/products/purranormal-spirit-board-shower-curtain?_pos=8&_sid=832ac4d06&_ss=r

  True and correct copies of screengrabs of the Website including the Illustration are attached hereto as <u>Exhibit 2: #28-35.</u>

  48. Defendant used the Illustration on various merchandise, including messenger bags, hoodies, tee shirts, tote bags, enamel pins, sweatshirts, mouse pads, and shower curtains.

  49. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Illustration on the merchandise, Website and Accounts.

  50. Plaintiff first observed and actually discovered Infringement #28-35 on the Website on or about August 27, 2023.

  51. Upon information and belief, the Illustration was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Illustration (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*" and collectively as the "*Infringements*").

  52. The Infringements include URLs ("*Uniform Resource Locator*") for fixed tangible mediums of expression that were sufficiently permanent or stable to permit them to be communicated for periods of more than transitory duration and therefore constitute specific infringements. *17 U.S.C. §106(5).*

  53. Each Infringement is an exact copy of the vast majority of Plaintiff's original image that was directly copied and displayed by Defendant on the merchandise, Website and Accounts.

  54. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website and Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Illustration.

  55. Upon information and belief, the Illustration was willfully and volitionally posted

to the merchandise, Website and Accounts by Defendant.

56. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

57. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

58. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

59. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and Accounts and exercised and/or had the right and ability to exercise such right.

60. Upon information and belief, Defendant monitors the content on its Website and Accounts.

61. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

62. Upon information and belief, the Infringements increased traffic to the Website and Accounts and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

63. Upon information and belief, a large number of people have viewed the unlawful copies of the Illustration on the Website and Accounts.

64. Upon information and belief, a large number of people have purchased Defendant's apparel and merchandise with the unlawful copies of the Illustration.

65. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

66. Plaintiff created the Illustration with the intention of it being used commercially

and for the purpose of display and/or public distribution.

67. Defendant's use of the Illustration harmed the actual market for the Illustration.

68. Defendant's use of the Illustration, if widespread, would harm Plaintiff's potential market for the Illustration.

69. On or about March 16, 2023, prior to commencement of this action, Plaintiff, via counsel, attempted to contact the defendant regarding Plaintiff's claims.

70. No response was received to Plaintiff's correspondence, and therefore Plaintiff had no choice but to commence the action.

71. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

72. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

73. The Illustration is an original, creative work in which Plaintiff owns a valid copyright.

74. The Illustration is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

75. Plaintiff has not granted Defendant a license or the right to use the Illustration in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

76. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

77. Defendant's reproduction of the Illustration and display of the Illustration constitutes willful copyright infringement.

78. Upon information and belief, Defendant willfully infringed upon Plaintiff's

copyrighted Illustration in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Illustration without Plaintiff's consent or authority, by using it on its merchandise as well as on its Website and Accounts.

79. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven. or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

80. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

81. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

82. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Illustration in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in and to the Illustration by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement

    pursuant to 17 U.S.C. § 504(c), whichever is larger;

  c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

  d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

  e. for pre-judgment interest as permitted by law; and

  f. for any other relief the Court deems just and proper.

DATED: December 18, 2023

        **SANDERS LAW GROUP**

        By:  */s/ Renee Aragona*
        Renee Aragona, Esq. (PA Bar No. 325520)
        333 Earle Ovington Blvd, Suite 402
        Uniondale, NY 11553
        Tel: (516) 203-7600
        Email: raragona@sanderslaw.group
        File No.: 127516

        *Attorneys for Plaintiff*